IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03158-M

| | |
|---|---|
| MICHAEL ANTHONY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

On June 8, 2021, Michael Anthony Jones ("plaintiff"), an inmate at F.C.I. Butner ("Butner") proceeding *pro se*, filed a complaint pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Compl. [D.E. 1]. Plaintiff additionally has filed: a motion for appointment of counsel, Mot. [D.E. 2]; a memorandum in support of his complaint, Pl.'s Mem. [D.E. 5]; a motion seeking injunctive relief, Mot. [D.E. 6]; a motion to dismiss some defendants, Mot. [D.E. 7]; exhibits, [D.E. 8]; and another motion seeking injunctive relief, Mot. [D.E. 9].

First, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

In support of his motion seeking appointment of counsel, plaintiff asserts: he cannot afford to hire a lawyer; his imprisonment limits his ability to litigate; the issues in this case are complex; an attorney would assist plaintiff in presenting evidence and an expert witness; and plaintiff's repeated efforts to hire counsel were unsuccessful. See Mot. [D.E. 2] at 1–2.

Here, contrary to plaintiff's assertion, this case is not complex, and his filings indicate that he possesses the ability to proceed *pro se*. Accordingly, because plaintiff fails to demonstrate the requisite extraordinary circumstances, the court DENIES the motion to appoint counsel [D.E. 2].

The court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

### Legal Standard:

Under 28 U.S.C. § 1915A, the court "shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations."). To state a cognizable Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); see Millbrook v. United States, 569 U.S. 50, 52 (2013). A prisoner can sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison due to the negligence of a government employee. See Millbrook, 569 U.S. at 53; United States v. Muniz, 374 U.S. 150, 153–58 (1963).

2

Plaintiff's Complaint:

Plaintiff names as defendants: the United States; the Federal Bureau of Prisons ("BOP"); BOP Director Charles E. Samuels, Jr.; BOP Mid Atlantic Regional Director D.J. Harmon; BOP Central Office Director Michael Carvajal; Butner Warden B. Sullivan; and Butner Medical Director Lawrence Sichel ("Dr. Sichel"). See Compl. [D.E. 1] at 1, 3–4. Plaintiff generally alleges that Dr. Sichel's medical care of plaintiff at Butner between March 8, 2018, and July 24, 2020, violated the Eighth Amendment and was negligent. See id. at 5–7.

Plaintiff specifically alleges that, although a Rheumatologist recommended a diagnostic test to determine if he had "arterial disease claudication" in his legs, Dr. Schiel failed to perform this test and "substituted his judgment." Id. at 5. Plaintiff contends that, because Dr. Schiel allowed this condition to worsen, he suffered an "ischemia coronary artery heart vasospasm injury [sic]." Id. Plaintiff experienced: "intense anxiety[,] pounding [ ] heart[,] difficulty breathing[,] sweating[,] shaking[, nausea,] and slightly passing out." Id. at 6. If Dr. Sichel had followed the Rheumatologist's recommendation, plaintiff asserts, "[Doppler] test studies would have detected the vasculities defects in the heart blood vessels arteries before the injury of the heart vessels came about [sic]." Id. On July 23, 2020, plaintiff was transported to Duke University Hospital via ambulance where he underwent a heart catherization procedure. Id. at 6–7. Plaintiff contends Dr. Sichel "caused or contributed to unnecessary[,] unreasonable delay," inflicting pain and suffering, and was deliberately indifferent to plaintiff's serious medical needs. Id. Plaintiff also alleges D.J. Harmon, Michael Carvajal, B. Sullivan, and Dr. Sichel are responsible for the delay in performing "appropriate diagnostic vascular test studies" under a theory of supervisory liability. Id.

For relief, plaintiff seeks: "Counsel for this case and monetary gain for Physical Pain, Mental Anguish fright and Shock embarrassment and humiliation, and possible death." Id. at 8.

Discussion:

The court first addresses plaintiff's self-styled "motion in good faith." Mot. [D.E. 7]. Plaintiff moves the court "to dismiss all other's parties in this civil action and Pursuant only against Lawrence Sichel [sic]." Id. at 1. Plaintiff reiterates that Dr. Sichel is physician at Butner "who cause the violation of Plaintiff rights in this civil action [sic]." Id.

The court GRANTS IN PART this motion seeking to dismiss defendants aside from Dr. Sichel. Nevertheless, because plaintiff has not moved to dismiss his FTCA claim, and because the United States is the only proper defendant in an FTCA action, see 28 U.S.C. § 2674; Iodice v. U.S., 289 F.3d 270, n.1 (4th Cir. 2002), the court DENIES this motion as to the United States.

Next, the court turns to plaintiff's motions seeking injunctive relief. See [D.E. 6, 9]. In his self-styled "motion for immediately preliminary injunctions and/or protective order [sic]," plaintiff asserts that: on July 14, 2021, an outside Rheumatologist recommended ultrasound tests on plaintiff's lower legs; on August 3, 2021, plaintiff wrote Dr. Sichel via electronic sick-call to request, among other things, the ultrasound because plaintiff's leg pain had worsened; and, during an August 6, 2021, follow-up visit, Dr. Sichel told plaintiff that he didn't see the need for the ultrasound test "because [Dr. Sichel] could feel a pulse in [plaintiff's] feet" and that, despite the recommendation of the Rheumatologist, "most likely the BOP wouldn't Approve the ultrasound test studies [sic]." Mot. [D.E. 6] at 1. Plaintiff argues Dr. Sichel's refusal to treat his "underlying arterial disease in [his] lower leg" puts plaintiff at risk for "another possible reoccurring heart defect or stroke or possible death [sic]." Id. at 2. Thus, plaintiff "seeks an injunction so that he can receive the Ultrasound test studies or any other test necessary immediately to stop any on-going substantial risk of serious harm further injury." Id.

In conclusion, plaintiff asserts:

4

> This Court should issue an injunction holding that the Defendants . . . cannot prevent Plaintiff from receiving specialist rheumatologist recommendation Ultrasounds or Vascular test studies of the lower leg veins or arterials to be considered to rule out any underlying arterial disease that is causing him severe pain and limb when walking [sic].

Id.

In support of his self-styled "Motion for Emergency Preliminary Injunction due to possibility of Immediate Irreparable Harm to Plaintiff [sic]," plaintiff asserts, among other things: plaintiff was diagnosed with mild atherosclerosis on April 27, 2017; Dr. Sichel "failed to further test and treat" this condition but instead "allowed this disease to rapidly progress"; Dr. Sichel "still has not ordered any testing or treatment concerning [plaintiff's] atherosclerosis"; and "if the Court does not act immediately . . . [plaintiff] may very well experience further health deterioration or death." Mot. [D.E. 9] at 1–3.

Courts issue injunctive relief regarding prison management only in extraordinary circumstances. See Taylor v. Freeman, 34 F.3d 266, 268–269 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

5

Here, because plaintiff alleges only the possibility of irreparable harm, plaintiff has neither made a "clear showing" of entitlement to the requested relief, cf. Real Truth, 575 F.3d at 346, nor established the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269. The court, however, DENIES THE MOTIONS WITHOUT PREJUDICE AND WITH LEAVE TO REFILE.

Finally, because plaintiff's claims regarding Dr. Sichel's medical treatment are not clearly frivolous, the court ALLOWS TO PROCEED the Bivens claim against Dr. Sichel and the FTCA claim against the United States. See Millbrook, 569 U.S. at 53; Iqbal, 556 U.S. at 676.

### Conclusion:

In sum, the court: ALLOWS TO PROCEED the Bivens claim against Dr. Sichel and the FTCA claim against the United States; GRANTS IN PART the motion to dismiss [D.E. 7], as discussed above, and DISMISSES the remaining defendants; DENIES WITHOUT PREJUDICE AND WITH LEAVE TO REFILE the motions seeking injunctive relief [D.E. 6, 9]; DENIES the motion to appoint counsel [D.E. 2]; and DIRECTS the clerk to continue management of the case. The United States Marshal Service is DIRECTED to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 29th day of January 2022.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge