IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03158-M

MICHAEL ANTHONY JONES,  )
                     Plaintiff,  )
v.  )    **ORDER**
UNITED STATES OF AMERICA, et al.,  )
                     Defendants.  )

This cause is before the court on plaintiff's motions for leave to file medical evidence, Mot. [D.E. 15], for entry of default, Mot. [D.E. 24], for a preliminary injunction, Mot. [D.E. 26], for subpoenas, Mot. [D.E. 38], to stay the proceedings, Mot. [D.E. 40], for an evidentiary hearing, Mot. [D.E. 41], to appoint a medical-expert witness, Mot. [D.E. 42], and for a temporary restraining order ("TRO"), Mot. [D.E. 44], as well as defendants' motions for summary judgment, Mot. [D.E. 29], and to seal documents, Mot. [D.E. 33]. These motions are ripe for review.

Procedural History:

On June 8, 2021, Michael Anthony Jones ("plaintiff"), an inmate at F.C.I. Butner ("Butner") proceeding *pro se*, filed a complaint under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Compl. [D.E. 1]. Plaintiff alleges, in relevant part, that from March 8, 2018, to July 24, 2020, medical care provided to him by Butner Medical Director Lawrence Sichel ("Dr. Sichel") violated the Eighth Amendment and was negligent. See id. at 5–7. For relief, plaintiff seeks: "Counsel for this case and monetary gain for Physical Pain, Mental Anguish fright and Shock embarrassment and humiliation, and possible death [sic]." Id. at 8.

On January 24, 2022, the court: allowed to proceed Bivens claims against Dr. Sichel and an FTCA claim against the United States; dismissed other defendants; denied plaintiff's motion to appoint counsel; and denied without prejudice his motions for injunctive relief. Order [D.E. 10].

On March 11, 2022, plaintiff moved for leave to file medical evidence. Mot. [D.E. 15].

On April 4, 2022, the United States moved for an extension of time, Mot. [D.E. 22], the motion was granted, Order [D.E. 23], and plaintiff moved for entry of default, Mot. [D.E. 24].

On May 13, 2022, plaintiff moved for a preliminary injunction. Mot. [D.E. 26].

On May 31, 2022, Dr. Sichel and the United States (collectively, "defendants") moved for summary judgment, Mot. [D.E. 29], and filed a memorandum in support [D.E. 30], proposed sealed documents [D.E. 31], a proposed sealed exhibit [D.E. 32], a motion to seal documents, Mot. [D.E. 33], and a memorandum in support of the motion to seal [D.E. 34].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline. [D.E. 35].

On June 21, 2022, plaintiff filed a response in opposition [D.E. 36], additional medical evidence [D.E. 37], and a motion seeking leave of the court to issue subpoenas, Mot. [D.E. 38].

On September 2, 2022, plaintiff moved for a stay, Mot. [D.E. 40], for an evidentiary hearing, Mot. [D.E. 41], and for appointment of a medical expert witness, Mot. [D.E. 42].

On September 12, 2022, plaintiff filed a motion for a TRO. Mot. [D.E. 44].

Discussion:

The court first addresses plaintiff's March 11, 2022, filing, self-styled as a "motion-request leave of court to filed medical evidence – affidavit claim for damage, injury, or death pursuant to Bivens and FTCA Claim [sic]." Mot. [D.E. 15] at 1–10 (arguing in support of his complaint and

2

citing attached medical records). In his attached "medical evidence affidavit in support of and fully incorporated to amended motion of notice and entry of default pursuant to F.R.CV.P. 55(a) [sic]," plaintiff seeks entry of default and "adopts and incorporates" medical records. Mot. Attach. [D.E. 15-1] at 1–2. Plaintiff also attaches medical records. Mot. Attach. [D.E. 15-2] at 1–36.

Courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Accordingly, the court construes this motion as seeking leave to file medical evidence, GRANTS IN PART the motion [D.E. 15] to the extent plaintiff seeks consideration of his medical records and arguments, but DENIES as premature the motion [D.E. 15] to the extent plaintiff instead seeks entry of default.

Next, because the court granted defendants' motion for an extension of time to respond, see Order [D.E. 23], the court DENIES AS MOOT the motion seeking entry of default [D.E. 24].

Next, the court addresses plaintiff's motions seeking injunctive relief, see [D.E. 26, 44]. In his May 13, 2022 motion, self-styled as a "motion for leave for Emergency Circumstances Preliminary Injunction, re-filing for protective order and medical records support," plaintiff asserts, among other things, that he "suffers from a life threatening disease that is rapidly progressing," but that Butner does not provide adequate medical care for his "atherosclerotic disease in aorta and vascular clarifications in lower leg extremities." Mot. [D.E. 26] at 2. Plaintiff recounts his medical history and argues that Dr. Sichel, despite being aware of these diagnoses, failed to follow the recommendations of a rheumatologist. Id. at 3–5. For relief, plaintiff requests "immediate 'special care clinic' treatment" with both a vascular surgeon and a rheumatologist. Id. at 7. Plaintiff attaches various medical exhibits. See Mot. Attach. [D.E. 26-1] at 1–18.

In his September 12, 2022, filing, plaintiff notes he previously filed a motion seeking a TRO, and asks that it be "upgraded to an emergency motion." Mot. [D.E. 44] at 1. Plaintiff

3

reiterates that he suffers from "atherosclerotic heart disease and related multi-vessel occlusion that is not being treated or evaluated for [his] worsening condition." Id. at 1–2. Plaintiff asserts that the BOP has a history of providing inadequate medical care, seeks an immediate hearing, and asks the court to compel the BOP to provide him "necessary and prompt treatment." Id. at 2. Plaintiff attaches various medical exhibits. See Mot. Attach. [D.E. 44-1] at 1–6.

Courts issue injunctive relief regarding prison management only in extraordinary circumstances. See Taylor v. Freeman, 34 F.3d 266, 268–269 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standard for a TRO and a preliminary injunction). The Supreme Court of the United States has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff's arguments in support of his motions for injunctive relief essentially reiterate the chief thrust of his complaint–that his medical care is inadequate. Because he alleges only the possibility of irreparable harm, plaintiff has neither made a "clear showing" of entitlement to the requested relief, cf. Real Truth, 575 F.3d at 346, nor established the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269, and the court DENIES these motions [D.E. 26, 44].

4

Next, the court turns to plaintiff's self-styled "motion for leave requesting district court issuing subpoenas for disposition accompanied by the pre-formed subpoenas attached governed by Rule 45 of Federal Of Civil Procedure [sic]." Mot. [D.E. 38]. Plaintiff attaches subpoenas "to appear and testify at a hearing or trial in a civil action" as to two Duke Hospital physicians; Dr. James Matthew Brennon, a cardiologist, Mot. Attach. [D.E. 38-2] at 1, and Teresa Brown, a radiologist, Mot. Attach. [D.E. 38-3] at 1. Plaintiff generally contends that these physicians, who treated him at Duke Hospital on July 23, 2020, can give their medical opinions as to the adequacy of plaintiff's medical treatment at Butner. See Mot. [D.E. 38] at 5–7.

To the extent plaintiff seeks to subpoena these nonparty physicians to testify at a trial or hearing, the motion is premature. To the extent plaintiff instead seeks to depose these nonparty physicians, he has not "demonstrate[d] that he can meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable[.]" Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) (unpublished); see also McClary v. Lightsey, No. 5:14-CT-3039-FL, 2016 WL 497929, at *4 (E.D.N.C. Feb. 8, 2016) (unpublished). Accordingly, the court DENIES WITHOUT PREJUDICE the motion for subpoenas [D.E. 38].

Next, the court considers plaintiff's interrelated motions docketed September 2, 2022. See [D.E. 40, 41, 42]. Plaintiff moves the court to stay adjudication of defendants' motion for summary judgment until an expert witness is appointed. Mot. [D.E. 40]. Plaintiff also moves for an evidentiary hearing upon appointment of an expert witness. Mot. [D.E. 41]. Plaintiff further moves for appointment of an expert witness under Federal Rules of Evidence 702 and 706(A), (B). Mot. [D.E. 42] at 1. Plaintiff argues that he lacks the resources and finances "to establish standards

5

of medical care or the complex medical technical medical science to show and evidence the breach of such standards of care and prosecuting complex medical harms resulting from that breach which the court is not qualified to determine [sic]." Id. at 5. Plaintiff further asserts that, because he "has no ability to retain or present such expert opinion or evidence to inform the court of the actual medical merits of his claim," the court should appoint its own expert. Id. at 6.

Plaintiff, however, has not offered to pay for a medical expert examination; indeed, he asserts that he cannot afford to retain an expert witness or present expert witness testimony. Id. The court, in its discretion, DENIES WITHOUT PREJUDICE the motion to appoint an expert witness [D.E. 42]. See Pickens v. Lewis, No. 1:15-CV-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (unpublished) ("[T]he in forma pauperis statute . . . does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants. Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases." (collecting case)). Accordingly, the court also DENIES AS MOOT both the motion for a stay [D.E. 40], and the motion for an evidentiary hearing [D.E. 41].

Next, defendants' motion for summary judgment [D.E. 29] is premature. The parties have not engaged in discovery and plaintiff's filings, liberally construed, seek either time for discovery or deferral or denial of summary judgment because he "cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d); see Pledger v. Lynch, 5 F.4th 511, 525–27 (4th Cir. 2021); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Tyree v. United States, 642 F. App'x 228, 229 (4th Cir. 2016) (per curiam) (unpublished) (finding the district court erred in entering summary judgment in an FTCA case prior to discovery). Accordingly, defendants' motion for summary judgment [D.E. 29] is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO REFILE.

Finally, the court considers defendants' motion to seal. Mot. [D.E. 33]. In support, defendants note Local Civil Rule 26.1(a) requires medical records be filed under seal, and that the proposed sealed documents include plaintiff's personal medical records and a statement of facts addressing those records. Defs.' Mem. [D.E. 34] at 1–2. Defendants, however, also note that plaintiff already has docketed substantial portions of his medical records in court filings. Id.

Because this action is premised upon plaintiff's medical treatment at Butner, and because he already has docketed some of his medical records, the public interest in disclosure outweighs his interest in privacy, and court DENIES the motion to seal these relevant documents [D.E. 33].

Conclusion:

For the above reasons, the court: GRANTS IN PART plaintiff's motion [D.E. 15] to the extent he seeks leave to file medical evidence and the court's consideration of these records and his arguments, but DENIES as premature this motion to the extent he seeks entry of default; DENIES AS MOOT the motion for entry of default [D.E. 24]; DENIES the motions for injunctive relief [D.E. 26, 44]; DENIES WITHOUT PREJUDICE the motion for subpoenas [D.E. 38]; DENIES WITHOUT PREJUDICE the motion to appoint a medical expert witness [D.E. 42]; DENIES AS MOOT the motion for a stay [D.E. 40]; DENIES AS MOOT the motion for an evidentiary hearing [D.E. 41]; DENIES WITHOUT PREJUDICE AND WITH LEAVE TO REFILE defendants' motion for summary judgment [D.E. 29]; and DENIES the motion to seal [D.E. 33]. The court further REFERS the case to U.S. Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order including a time for defendants to answer and a period of discovery.

SO ORDERED. This 25th day of January 2023.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge