IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03158-M

MICHAEL ANTHONY JONES, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )

This cause is before the court on plaintiff's motion for leave to amend the complaint. Mot. [D.E. 55]. For the following reasons, the court grants this motion in part and denies it in part.

Relevant Procedural History:

On June 8, 2021, Michael Anthony Jones ("plaintiff"), an inmate at F.C.I. Butner ("Butner") proceeding *pro se*, filed a complaint under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Compl. [D.E. 1]. Plaintiff generally alleges that, from March 8, 2018, to July 24, 2020, Butner Medical Director Lawrence Sichel ("Dr. Sichel") was negligent and violated plaintiff's Eighth Amendment rights when Dr. Sichel declined to perform diagnostic testing that was recommended by a Rheumatologist which allowed plaintiff's "arterial disease claudication" in his legs to worsen and eventually led to an "ischemia coronary artery heart vasospasm injury [sic]." See id. at 5–7. For relief, plaintiff seeks, *inter alia*, monetary damages. Id. at 8.

On January 24, 2022, the court, *inter alia*, allowed to proceed Bivens claims against Dr. Sichel and an FTCA claim against the United States. Order [D.E. 10].

On May 31, 2022, Dr. Sichel and the United States (collectively, "defendants") moved for summary judgment, Mot. [D.E. 29], and filed a memorandum in support [D.E. 30], proposed sealed documents [D.E. 31], a proposed sealed exhibit [D.E. 32], a motion to seal documents, Mot. [D.E. 33], and a memorandum in support of the motion to seal [D.E. 34].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline. [D.E. 35].

On June 21, 2022, plaintiff filed, *inter alia*, a response in opposition [D.E. 36].

On January 25, 2023, the court, *inter alia*, denied defendants' motions for summary judgment and to seal documents and exhibits. Order [D.E. 45].

On January 31, 2023, plaintiff moved for emergency preliminary injunctive relief. See Mot. [D.E. 47]; Mot. Attach. [D.E. 47-1].

On February 8, 2023, defendants answered the complaint. Answer [D.E. 48].

On March 8, 2023, plaintiff filed interrogatories, a request for production of documents, and a request for admissions, see [D.E. 50, 51], and moved to compel discovery, Mot. [D.E. 52].

On March 21, 2023, defendants filed a response in opposition to plaintiff's motion to compel. Defs.' Resp. [D.E. 53].

On March 29, 2023, the court denied plaintiff's motions for injunctive relief and to compel discovery. Order [D.E. 54].

On April 12, 2023, plaintiff filed the instant motion for leave to amend, Mot. [D.E. 55], together with a memorandum [D.E. 55-1], a proposed amended complaint [D.E. 55-2], and various documents in support [D.E. 55-3].

On May 2, 2023, defendants responded in opposition to the motion to amend. [D.E. 56].

2

Parties' Arguments:

In support of his motion to amend, plaintiff argues, *inter alia*: his prior scattered filings make it difficult for defendants to answer; his proposed amended complaint is verified; he seeks to add Dr. Longo as a defendant; the proposed amended complaint was filed ahead of the close of discovery and any trial; there is no prejudice to the opposing parties; and the claims in the proposed amended complaint are not futile. See Mot Attach., Pl.'s Mem. [D.E. 55-1] at 4–10.

In opposition, defendants argue, *inter alia*: allowing this amendment would be prejudicial and unduly burden defendants Sichel and the United States; plaintiff's attempt to add a new defendant would delay resolution of the pending claims; the proposed amendment would be futile, and the claims against Dr. Longo are for conduct unrelated to the claims previously allowed to proceed against Sichel and the United States; plaintiff's newly alleged claims have not been presented to the BOP as required for FTCA exhaustion; plaintiff's newly alleged Bivens claims likewise were not exhausted; and plaintiff's instant claims are insufficient to state a viable claim for relief under Bivens. See Defs.' Resp. [D.E. 56] at 2–9.

Discussion:

Plaintiff requires leave of the court to amend. Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

3

In evaluating futility, the court considers whether the proposed amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) (noting Fourth Circuit precedent provides that "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." (citation omitted)); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" (citation and internal quotation marks omitted)).

The court has reviewed the proposed amended complaint under the governing standard. Plaintiff newly names as a defendant Dr. Longo and alleges both Eighth Amendment Bivens claims and FTCA negligence claims arising from their doctor-patient interaction on September 27, 2022. See Mot. Attach., Proposed Am. Compl. [D.E. 55-2] at ¶¶8, 36, 44–48, 54–58.

When considering whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). "[S]atisfying the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a)." Id. "Rule 20(a) permits the joinder of parties if they claim relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Id. (quotation omitted); see Fed. R. Civ. P. 20(a)(1).

Contra plaintiff's assertion that these claims against Dr. Longo arise out of the same set of facts in the original complaint, see Mot. Attach., Pl.'s Mem. [D.E. 55-1] at 1, these claims fail to

4

satisfy the criteria for permissive joinder because they are factually distinct from claims that were allowed to proceed in this action and arose well after plaintiff filed this action on June 8, 2021. See Fed. R. Civ. P. 20(a)(2); Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (discussing purpose of permissive joinder of parties under Fed. R. Civ. P. 20); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

Additionally, these claims premised on plaintiff's September 27, 2022, doctor-patient interaction with Dr. Longo, whether brought under Bivens or the FTCA, plainly were not exhausted when this action commenced. See 28 U.S.C. §§ 2401(b), 2675(a) (requiring that FTCA claims be presented to the "appropriate federal agency" and receive final denial before a claimant commences an action); 42 U.S.C. § 1997e(a) (provisions of the Prison Litigation Reform Act ("PLRA") providing, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted"); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); see also Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003) (finding the PLRA exhaustion requirement applicable to Bivens claims), abrogated on other grounds by Jones, 549 U.S. at 199; Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a)"); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (finding failure to exhaust administrative remedies may not be cured by amending a complaint).

5

Accordingly, the court dismisses these claims as to Dr. Longo without prejudice as to plaintiff's ability to raise them in a separate action but makes no finding as to his likelihood of success in such an action. See Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) (noting "[a] court may sua sponte dismiss" where plaintiff's failure to exhaust administrative remedies is apparent on the face of the filings); Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (finding plaintiff's failure to file an administrative claim is not waive-able).

Next, to the extent plaintiff seeks to raise new Bivens claims against Dr. Sichel stemming from events that occurred *after* he filed the initial complaint, these claims are unexhausted. See 42 U.S.C. § 1997e(a); Jones, 549 U.S. at 211; Steele, 355 F.3d at 1214; Johnson, 340 F.3d at 627–28 (8th Cir. 2003); Hayes, 204 F. App'x. at 304 n.1. Further, to the extent plaintiff seeks to raise new FTCA claims–premised on Dr. Sichel's medical treatment of plaintiff–that arose *after* he filed his amended administrative claim on August 13, 2020, these claims are plainly unexhausted. See 28 U.S.C. §§ 2401(b), 2675(a); McNeil, 508 U.S. at 113. Accordingly, such claims also are dismissed without prejudice. See Custis, 851 F.3d at 361; Plyler, 900 F.2d at 42.

By contrast, plaintiff's reiteration and refinement of the claims in his initial complaint that arose from his medical treatment by Dr. Sichel between March 8, 2018, to July 24, 2020, his newly raised FTCA claims–premised on Dr. Sichel's medical treatment–that arose *before* he filed his amended administrative claim on August 13, 2020, and his newly raised Bivens claims against Dr. Sichel that arose *before* he filed this action are not futile. Cf. In re Triangle, 988 F.3d at 750; Katyle, 637 F.3d at 471; Laber, 438 F.3d at 426; Johnson, 785 F.2d at 510. Contra defendants' arguments, answering these claims in plaintiff's verified proposed amended complaint, which was filed nearly a month before the close of discovery, would not be prejudicial to defendants. Accordingly, the court DIRECTS defendants to answer these aspects of the amended complaint.

Conclusion:

In sum, the court: GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to amend the complaint [D.E. 55] as noted above; DIRECTS defendants to answer the above-discussed relevant portions of the amended complaint; GRANTS IN PART the other pending motions to the extent the parties seek to modify the scheduling order [D.E. 57, 59]; and STAYS all deadlines until entry of a new scheduling order.

Once defendants have answered the above-discussed relevant portions of the amended complaint, the court further DIRECTS the clerk to refer the case to Magistrate Judge Robert B. Jones, Jr. for entry of a new scheduling order to include a brief period of discovery and a new dispositive motions deadline.

SO ORDERED this __2d__ day of June, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE