IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03158-M

MICHAEL ANTHONY JONES,     )
                           )
            Plaintiff,     )
                           )
       v.                  )          ORDER
                           )
UNITED STATES OF AMERICA, et al., )
                           )
            Defendants.    )

This cause is before the court on plaintiff's motions for a temporary restraining order ("TRO") and preliminary injunction, Mot. [D.E. 64], and to compel discovery, Mot. [D.E. 72]. For the reasons discussed below, the court denies these motions.

Relevant Procedural History:

On June 8, 2021, Michael Anthony Jones ("plaintiff"), an inmate at F.C.I. Butner ("Butner") proceeding *pro se*, filed a complaint under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Compl. [D.E. 1]. Plaintiff generally alleges that, from March 8, 2018, to July 24, 2020, Butner Medical Director Lawrence Sichel ("Dr. Sichel") was negligent and violated plaintiff's Eighth Amendment rights when Dr. Sichel declined to perform diagnostic testing that was recommended by a Rheumatologist which allowed plaintiff's "arterial disease claudication" in his legs to worsen and eventually led to an "ischemia coronary artery heart vasospasm injury [sic]." See id. at 5–7. For relief, plaintiff seeks, *inter alia*, monetary damages. Id. at 8.

On January 24, 2022, the court, *inter alia*, allowed to proceed Bivens claims against Dr. Sichel and an FTCA claim against the United States. Order [D.E. 10].

On May 31, 2022, Dr. Sichel and the United States (collectively, "defendants") moved for summary judgment, Mot. [D.E. 29], and filed a memorandum in support [D.E. 30], proposed sealed documents [D.E. 31], a proposed sealed exhibit [D.E. 32], a motion to seal documents, Mot. [D.E. 33], and a memorandum in support of the motion to seal [D.E. 34].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline. [D.E. 35].

On June 21, 2022, plaintiff filed, *inter alia*, a response in opposition [D.E. 36].

On January 25, 2023, the court, *inter alia*, denied defendants' motions for summary judgment and to seal documents and exhibits. Order [D.E. 45].

On January 31, 2023, plaintiff moved for emergency preliminary injunctive relief. See Mot. [D.E. 47]; Mot. Attach. [D.E. 47-1].

On February 8, 2023, defendants answered the complaint. Answer [D.E. 48].

On March 8, 2023, plaintiff filed interrogatories, a request for production of documents, and a request for admissions, see [D.E. 50, 51], and moved to compel discovery, Mot. [D.E. 52].

On March 21, 2023, defendants filed a response in opposition to plaintiff's motion to compel. Defs.' Resp. [D.E. 53].

On March 29, 2023, the court denied plaintiff's motions for injunctive relief and to compel discovery. Order [D.E. 54].

On April 12, 2023, plaintiff moved for leave to amend. Mot. [D.E. 55].

On June 2, 2023, the court granted in part and denied in part the motion for leave to amend, directed defendants to answer relevant portions of the amended complaint, and stayed deadlines pending the entry of a new scheduling order. See Order [D.E. 60]

2

On June 16, 2023, defendants answered the amended complaint. [D.E. 62].

On June 20, 2023, the court entered a scheduling order with a discovery deadline of September 18, 2023, and a motions deadline of October 18, 2023. Order [D.E. 63].

On July 17, 2023, plaintiff filed a motion seeking a TRO and preliminary injunction, Mot. [D.E. 64], together with a declaration in support, Mot. Attach., Pl.'s Decl. [D.E. 64-1].

On September 21, 2023, plaintiff moved to compel discovery. Mot. [D.E. 72].

On October 5, 2023, defendants filed a response in opposition to plaintiff's motion to compel discovery. Defs.' Resp. [D.E. 74].

Discussion:

In support of his motion for a TRO and preliminary injunction, plaintiff argues: he is "threatened with irreparable harm [sic]" because he "has been denied care for a serious medical need contrary to a physician follow-up care instructions or studies [sic]"; the balance of hardship favors him because "the present suffering of the plaintiff and his potential suffering if he permanently loses the normal use of his ankle and foot are enormous" whereas defendants will merely be required to take "plaintiff to a suitable doctor and then carry out the doctor's orders"; he is likely to succeed on the merits because defendants are "intentionally interfering" with his medical treatment; and the requested relief serves the public interest because "plaintiff medical signs and laboratory findings, chest x-ray findings constitutes 'evidence of a disease in process, with no treatment plaintiff will deteriate [sic] and death will occur.'" See Mot. [D.E. 64] at 3–4.

Plaintiff declares, *inter alia*: on July 23, 2020, he was taken by ambulance to the emergency department at Duke Hospital for chest pain; on July 24, 2020, a cardiologist diagnosed coronary vasospasm and unstable angina, and "laboratory findings revealed vascular calcification in the aortic arch and aortic root and atherosclerotic changes in thoracic aorta [sic]"; 36 months later, he

still has "not been provided with a course of additional testing despite [his] repeated request, or provided with a consultation with a physician qualified to assess and treat [his] medical condition laboratory findings"; his "medical condition and laboratory chest x-ray findings require a specific treatment or surgery services, that not provided [sic] at Butner F.C.I. one [sic], such services must be taken to outside specialist [sic]"; "Plaintiff asserts the laboratory findings calcifications indicate plaintiff could be suffering from a vascular blockage affecting his lower extremities cause by atherosclerosis plaque or [a] rupture or dissected abdominal aortic aneurysms down his thoracic aorta into his abdomen [sic]"; "All these calcifications need to be investigated ASAP [sic]"; "plaintiff asserts if he don't get an [sic] preliminary injunction order immediately he will clearly suffered a complete aortic dissection to include stroke, heart attack or death with onset of symptoms [sic]"; "I am suffering irreparable harm in the form of continued physical and mental pain and suffering an increasing discomfort of facial numbness nausea, perspiration, weakness and numbness in both right and left arm, abdomen pain, leg weakness when walking, shoulder and jaw pain"; "If I don't get treatment now my medical condition will be unsavable [sic]"; the Butner Warden and Medical Administrator "have the responsibility for providing the plaintiff the necessary medical care as the ability to arrange it [sic]"; and "plaintiff is entitled to a [TRO] requiring the defendant to arrange for an examination and a plan or treatment by a qualified specialist, and to a preliminary injunction requiring the defendants to carry out that plan of treatment." Mot. Attach., Pl.'s Decl. [D.E. 64-1] at 1–4.

Courts issue injunctive relief regarding prison management only in extraordinary circumstances. See Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

4

his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

As noted in a prior order, Dr. Sichel's May 2022 declaration states that plaintiff receives regular medical treatment, that plaintiff then "was awaiting consultation with Vascular Surgery for evaluation of symptoms in his arms and legs," and that, throughout his time at Butner, plaintiff "has been followed not only by his primary care team, but also several specialty care providers" including Rheumatology, Pulmonology, Physical Therapy, Pain Management, and Neurosurgery. See Order [D.E. 54] (citing Defs.' App., Dr. Sichel Decl. [D.E. 32-1] at ¶¶89, 98).

Plaintiff's instant motion for a TRO and preliminary injunction does not assert that he presently requires any specific treatment or surgery that defendants have denied; instead, he merely expresses dissatisfaction with his medical treatment at Butner, speculates that his current symptoms are related to a substantially historical diagnosis of "calcifications," and seeks outside medical treatment from an unspecified "qualified specialist." In short, plaintiff's motion neither constitutes a "clear showing" of entitlement to the requested relief, cf. Real Truth, 575 F.3d at 346, nor demonstrates the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269. Accordingly, the court DENIES the motion [D.E. 64].

5

The court now turns to plaintiff's motion to compel discovery. See Mot. [D.E. 72]. In support, plaintiff states that, as of September 18, 2023, defendants have not provided him with: all his electronic requests to Health Services staff from November 2012 to September 2023; all his administrative remedies and personal injury claims, related to medical care, and submitted by plaintiff from November 2012 to September 2023; all his medical records from Duke Rheumatology from January 2021 to September 2023; all his medical records from Duke Regional Hospital from June 2020 to September 2023; all his Federal Bureau of Prisons medical records from November 2012 to September 2023; and all his "medical trip records" from January 2020 to September 2023. Id. at 1–3. Plaintiff asserts that he has "in good faith conferred with defendants, agreeing to [an] extension of time request for discovery [sic]." Id. at 3.

In opposition, defendants argue, *inter alia*, that plaintiff failed to timely make requests for documents he now seeks during the discovery period, and he also "failed to make any effort–let alone a good faith effort–to resolve any discovery disputes prior to filing this motion." Defs.' Resp. [D.E. 74] at 1. Defendants argue they "responded in good faith to all properly propounded discovery requests submitted by Plaintiff, and produced over 600 pages of documents in response." Id. at 2. Defendants detail plaintiff's discovery requests and their responses. See id. at 2–4. Defendants acknowledge that, in a July 13, 2023, telephone call, plaintiff consented to a brief extension until July 24, 2023, for defendants to respond to plaintiff's Objections to Defendant Sichel's Response to the First Set of Interrogatories and plaintiff's First Set of Interrogatories and Request for Production of Documents for Defendant United States, and that defendants timely met this extended response deadline. See id. Defendants state: "At no time whatsoever during the allowed discovery period, however, did Plaintiff request the specific records referenced in the instant motion to compel." Id. at 5.

6

The court has reviewed under the governing standard plaintiff's discovery requests, defendants' answers and responses, and the arguments regarding the instant motion to compel discovery. See Fed. R. Civ. P. 26(b)(1); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

The court directed that discovery be completed by September 18, 2023. Order [D.E. 63]. Although plaintiff vaguely states he "conferred with defendants, agreeing to [an] extension of time request for discovery," Mot. [D.E. 72] at 3, the filings memorialize only a July 13, 2023, telephone conference briefly extending defendants response deadline to plaintiff's discovery requests, see Defs.' Resp. Attach. [D.E. 74-2] at 1. Plaintiff did not move to extend the discovery period itself.

In short, plaintiff fails to certify that he made a good faith effort to resolve discovery disputes before filing the instant motion to compel. Cf. Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iv); E.D.N.C. Local Civil Rule 7.1(c)(2). Also, because there is no showing that plaintiff propounded the discovery requested in his instant motion to compel so that answers would be received within the discovery period, these requests are untimely under Local Civil Rule 26.1(b) ("All discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed."); see Patten v. Hall, No. 5:15-CT-3118-FL, 2017 WL 6062258, at *11 (E.D.N.C. Dec. 7, 2017) ("Thus, while a discovery request might be served prior to the close of discovery, it is untimely if it does not allow for a response prior to the discovery deadline."). Plaintiff's incarcerated, *pro se* status alone is insufficient to justify this untimeliness. See Ferruccio v. Davis, No. 5:19-CV-346-BO, 2020 WL 6706354, at *4 (E.D.N.C. Nov. 13, 2020); Hanson v. Owens, No. 5:14-CT-3078-D, 2015 WL 13214282, at *1–2 (E.D.N.C. Oct. 16, 2015).

7

In sum, defendants have "made a particularized showing why discovery should be denied," Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (citing Mainstreet Collection, 270 F.R.D. at 241). Thus, the court, in its discretion, DENIES plaintiff's motion to compel discovery [D.E. 72]. See Lone Star, 43 F.3d at 929; Erdmann, 852 F.2d at 792; see also English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014).

## Conclusion:

For the reasons discussed above, the court DENIES plaintiff's motion for motions for a TRO and preliminary injunction [D.E. 64], and DENIES plaintiff's motion to compel [D.E. 72].

SO ORDERED this 23d day of October 2023.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge